## JOHN CLAPP *vs.* JOHN W. THOMAS.

A nonsuit in an action against a deputy sheriff for the wrongful attachment of property is no bar to an action against the sheriff for the same cause.

An action against a sheriff to recover for a wrongful attachment of property by his deputy is not defeated by proof that the plaintiff has set up a claim for damages for the same act, in his answer to a suit by the attaching creditor against him, if it does not appear that the matter was adjudicated in that suit, or that evidence was introduced respecting it.

If a debtor, who has a larger quantity of any kind of provisions than the law exempts from attachment, sets apart no portion thereof for the use of his family before it is about to be attached, and makes no claim to any portion of it when the officer is about to attach the whole, he cannot maintain an action against the officer who takes the whole.

The burden of proof is on a plaintiff who seeks to recover of an officer for attaching provisions which he claims are exempt from attachment, to prove facts which make them exempt.

TORT against the sheriff of Norfolk for the default of his deputy, Littlefield, in attaching, upon a writ in favor of Etheridge Clark against the plaintiff, certain hay, corn and farming tools alleged to be exempt from attachment.

At the trial in the superior court, before *Ames*, J., it appeared that the plaintiff heretofore brought an action for the same cause against Littlefield, and became nonsuit therein; and that Clark brought an action against the present plaintiff, for not performing the stipulations of a lease of the premises upon which the hay and corn were raised, and the plaintiff filed an answer, setting forth that Clark turned him out of possession and wrongfully attached the hay. And the defendant offered evidence tending to prove that the corn was kept in a corn-house separate from the plaintiff's dwelling-house, and that the plaintiff had sold a portion thereof, and was in the habit of feeding his cattle and hogs therefrom, and that Clark directed that if he wished for a bushel of the corn for provisions it should be released to him, but the plaintiff refused to accept the same.

The judge instructed the jury that the nonsuit of the plaintiff in the action against the defendant's deputy, and the pleadings and judgment in the action by Clark against the plaintiff, constituted no bar to this action; and that if the corn was suitable for domestic use, and to any extent used as food by the family of the plaintiff, the deputy had no right to attach the same, provided he did not leave provisions to the value of fifty dollars unattached.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. E. Carpenter & G. White*, for the defendant.

*A. B. Berry*, for the plaintiff.

METCALF, J. The nonsuit in the plaintiff's action against Littlefield is not a bar to this action for the same cause, nor would it have been a bar to a second action against him for the same cause. It is said in March on Arbitrements, 215, that a

nonsuit " is but like blowing out of a candle, which a man at his own pleasure lights again." See Anc. Chart. 46.

Nor is the judgment recovered by Clark against the plaintiff — a copy of the record of which is in the case — a bar to this action. We cannot find in that record that the plaintiff, who was defendant in that suit, received from Clark, by way of set-off, recoupment or otherwise, any compensation or allowance for a wrongful attachment of any of his property. Nor does it appear that any evidence was given, at the trial of the present case, of what was proved in the trial of that case. See *Sawyer* v. *Woodbury,* 7 Gray, 499.

But we must sustain the exception to the instruction given to the jury, " that if the corn was suitable for domestic use, and to any extent used as food by the family of the plaintiff, the deputy had no right to attach the same, provided he did not leave provisions to the value of fifty dollars unattached." By *St.* 1857, *c.* 235, which was in force when the corn was attached, " provisions necessary, procured and intended for the use of the family, not exceeding fifty dollars in value," are exempted from attachment on mesne process, and from seizure on execution. See also Gen. Sts. *c.* 123, § 32, and *c.* 133, § 32. The corn that was attached was part of a crop raised by the plaintiff, of which he sold a part, and with a part of which he fed his cattle and swine. He kept the whole of it together in a building separate from his dwelling, without setting apart any portion of it for the use of his family. And he did not, when it was attached, claim any part of it as exempted from attachment. On these facts, we are of opinion that this action, so far as it includes the attachment of the corn, cannot be maintained. It is not distinguishable in principle from the case of *Nash* v. *Farrington,* 4 Allen, 157.

It is not to be understood that the court decide, as an abstract proposition, that no part of a stock of provisions bought for sale, from which the owner supplies his family from day to day, and no part of a crop of grain, raised partly for the use of a family and partly for other uses, can be held exempt from seizure for the owner's debts, unless some specific portion thereof

Clapp v. Thomas.

be set apart for domestic use before an officer is about to take it on a writ or execution. We leave that question open. Our decision is, that when a debtor, who has a larger quantity of any kind of provisions than the law exempts from attachment, sets apart no portion thereof for the use of his family before it is about to be attached, and makes no claim to any part of it when the officer is about to attach the whole, he cannot maintain an action against the officer who takes the whole. It is not reasonable that a debtor, for whose benefit an exemption of his necessary family provisions from seizure is made, should, by his silence or obstinacy, subject an officer to the payment of damages for doing what it is to be presumed he would not have done but for the debtor's fault. A debtor may always waive his privilege, and consent that his exempted property may be applied to the payment of his debts; and it is not necessary that such waiver should be expressed in words. It may be made by acts or by neglect to act. In the present case, the plaintiff must be held to have waived his right; and it must be deemed his own fault, if the officer, by taking the whole of the corn, did not leave necessary provisions for the plaintiff's family, of the value of fifty dollars.

The statute, which exempts from attachment family provisions of the value of fifty dollars, would have left less room for litigation, if it had prescribed a mode in which an attaching officer might ascertain that value, so as to be conclusive between him and the debtor.

The court have no means of knowing that the verdict, which the plaintiff obtained in this case, did not include any damage for the attachment of his corn; and therefore we cannot say that the instruction as to that attachment, though incorrect, was immaterial.

We are of opinion that the burden was on the plaintiff to prove that the corn was procured and intended by him as provision for his family. The maintenance of the action depended on that fact. *New trial granted.*